FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 0 3 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01599-BNB

GABRIEL RODRIGUEZ-AGUIRRE

    Applicant,

v.

RENE G. GARCIA,

    Respondent,

## ORDER OF DISMISSAL

    Applicant, Gabriel Rodriguez-Aguirre, is in the custody of the United States Bureau of Prisons (BOP) and is incarcerated currently at the Federal Correctional Institution in Englewood, Colorado. He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of his sentence in the United States District Court for the District of Mexico. On June 28, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Rodriguez-Aguirre to respond and show cause why the application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. Mr. Rodriguez-Aguirre filed a response to the Order to Show Cause on July 27, 2011.

    The Court must construe Mr. Rodriguez-Aguirre's Application liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss this action.

Mr. Rodriguez-Aguirre was convicted in 1990 in the District of Kansas of one count of conspiracy to distribute marijuana and one count of using a telephone to facilitate the conspiracy. He was sentenced to 48 months of imprisonment on each count, with the sentences to run concurrently. In 1994, Mr. Rodriguez-Aguirre was convicted by a jury in the District of New Mexico (Criminal Action No. 2:92-cr-00486-JEC-1) on thirteen counts in a superseding indictment, including running a continuing criminal enterprise, multiple drug counts, and money laundering offenses. He was sentenced to a 360-month term of imprisonment with the BOP. His New Mexico convictions were affirmed on direct appeal in *United States v. Rodriguez-Aguirre*, 108 F.3d 1228 (10th Cir. 1997). Mr. Rodriguez-Aguirre has made several unsuccessful attempts to attack his New Mexico convictions and sentence under 28 U.S.C. § 2255. *See United States v. Rodriguez-Aguirre*, 30 F. App'x 803, 808 (10th Cir. 2002) (affirming district court's denial of § 2255 motion); *see also Rodriguez-Aguirre v. United States*, No. 06-2051 (10th Cir. March 31, 2006) (unpublished) (denying authorization to file a second or successive § 2255 motion); *Rodriguez-Aguirre v. United States*, No. 06-2209 (10th Cir. Sept. 13, 2006) (unpublished) (same); *In re Rodriguez-Aguirre*, No. 07-2270 (10th Cir. Jan. 15, 2008) (unpublished) (same); *In re Rodriguez-Aguirre*, No. 09-2082 (10th Cir. May 7, 2009) (unpublished) (same).

Mr. Rodriguez-Aguirre asserts in his Application that his sentence for the New Mexico convictions is based on conduct that was attributed to him in his sentence(s) for the District of Kansas case, in violation of the Double Jeopardy Clause of the Fifth Amendment. He argues that his Presentence Investigation Report (PSI) for the District

of New Mexico (Ex. B to the Application) must be corrected to account for conduct already attributed to him in the Kansas PSI (Ex. A to the Application). Mr. Rodriguez-Aguirre further maintains that he is entitled to correction of his PSI under the Privacy Act, 5 U.S.C. § 552a(5). In an effort to characterize his claims as a challenge to the execution of his sentence, he alleges that the BOP has used the information in the PSI to assign him a custody classification that renders him ineligible for transfer to a federal prison camp. For relief, Mr. Rodriguez-Aguirre asks the Court to order the BOP to correct the erroneous information contained in the PSI and in his BOP Central File. Application, at 5.

Mr. Rodriguez-Aguirre's constitutional claims challenging the contents of his PSI implicate the bases of his federal sentence computation. The District of New Mexico (sentencing court) adopted the factual findings and sentencing guideline application in Applicant's PSI at sentencing. *See Rodriguez-Aguirre*, 108 F.3d at 1232-33. Therefore, if Applicant seeks to correct that information, he must file a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2555 in the sentencing court and obtain authorization to file a successive § 2255 motion. "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241,

which attacks the execution of a sentence, "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366; *see also Freeman v. Davis*, 414 F. App'x 163, 166 (Colo. 2011) (unpublished) (affirming district court's conclusion that prisoner's § 2241 application challenging accuracy of information in presentence report was a "a thinly-veiled collateral attack on the validity of [his] sentence," which should have been brought as a successive motion under § 2255).

The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *see also Brace v. U.S.*, 634 F.3d 1167, 1169 (10th Cir. 2011) ("§ 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction."). Mr. Rodriguez-Aguirre bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) (citing *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998)).

Mr. Rodriguez-Aguirre argues in his response to the order to show cause that his remedy under § 2255 is ineffective because he cannot meet the requirements of § 2255(h) for filing a successive motion. That a prisoner may be barred from raising his claims in a successive motion pursuant to § 2255 does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179.

4

Similarly, the remedy provided in § 2255 is not inadequate or ineffective simply because a prisoner has sought and been denied relief pursuant to § 2255. *See Williams*, 323 F.2d at 673. The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *Caravalho*, 177 F.3d at 1178. However, Applicant does not allege any of these circumstances.

Mr. Rodriguez-Aguirre asserts that he discovered the factual bases of his claims in April 2010, after he obtained and compared copies of his PSIs in the New Mexico and Kansas cases and learned that his New Mexico sentence was enhanced based on the same conduct that was used to enhance his sentence in the Kansas case. Response to Order to Show Cause, at 7-10. The Court is not persuaded, however, that Applicant did not have an opportunity to bring his claims in the original § 2255 proceeding. "[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was itself inadequate or ineffective to the task of providing the [applicant] with a chance to test his sentence or conviction." *Prost*, 636 F.3d at 587.

Prior to his trial in 1994, Applicant argued to the Tenth Circuit in an interlocutory appeal that his Kansas conspiracy conviction barred a successive prosecution for the continuing criminal enterprise (CCE) count in the District of New Mexico on double jeopardy grounds because the Kansas conviction involved the same conduct upon which the CCE count was based. *See Rodriguez-Aguirre v. United States*, 73 F.3d 1023, 1025 (10th Cir. 1996). The Tenth Circuit disagreed and held that because Mr.

Rodriguez-Aguirre continued his unlawful conduct after the time the Government prosecuted him in Kansas, the Government was not foreclosed from using that offense in another prosecution to prove the continuing violation of 21 U.S.C. § 848. *Id.* at 1027. Following Mr. Rodriguez-Aguirre's 1994 conviction on the CCE count, he inexplicably waited sixteen years to obtain copies of his PSIs in the Kansas and New Mexico cases, and to challenge the factual bases of his New Mexico sentence. To the extent Mr. Rodriguez-Aguirre alleges that the Supreme Court's decision in *Yeager v. United States*, 129 S.Ct. 2360 (2009) galvanized him into action, the Court finds that *Yeager* is inapposite to the double jeopardy claims presented in the § 2241 Application. In *Yeager*, the Supreme Court reaffirmed its decision in *Ashe v. Swenson*, 397 U.S. 436 (1970), and held that an apparent inconsistency between a jury's verdict of acquittal on some counts and its failure to return a verdict on other counts does not affect the acquittal's preclusive force under the Double Jeopardy Clause. *Yeager*, 129 S.Ct. at 2368. *Yeager* has no bearing on Applicant's claims in this case. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Rodriguez-Aguirre fails to demonstrate that the remedy available to him in the United States District Court for the District of New Mexico is ineffective or inadequate to test the legality of his detention.

DATED at Denver, Colorado, this __3rd__ day of ___August___, 2011.

BY THE COURT:

_s/Lewis T. Babcock_
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01599-BNB

Gabriel Rodriguez-Aguirre
Reg. No. 04051-031
FCI Englewood
9595 W Quincy Ave
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 3, 2011.

                                            GREGORY C. LANGHAM, CLERK

                                      By: _____
                                                 Deputy Clerk