IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01599-LTB

GABRIEL RODRIGUEZ-AGUIRRE

      Applicant,

v.

RENE G. GARCIA,

      Respondent,

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP - 2 2011

GREGORY C. LANGHAM
CLERK

_____

ORDER DENYING MOTION TO RECONSIDER

_____

      Applicant, Gabriel Rodriguez-Aguirre, is in the custody of the United States

Bureau of Prisons (BOP) and is incarcerated currently at the Federal Correctional

Institution in Englewood, Colorado.  He filed *pro se* an "Objection to the Order of

Dismissal and Request for Reconsideration of Application for Writ of Habeas Corpus for

Execution of Sentence Pursuant to 28 U.S.C. § 2241" (**Doc.  No. 9**) on August 24,

2011.  The Court must construe Mr. Rodriguez-Aguirre's filings liberally because he is

proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Therefore, Document No. 9 will be

construed liberally as a motion to reconsider, and will be denied for the reasons stated

below.

      A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Mr. Rodriguez-Aguirre's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on August 3, 2011. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action with prejudice on August 3, 2011, because Mr. Rodriguez-Aguirre has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court.  Mr. Rodriguez-Aguirre maintains in his motion to reconsider that he is challenging the execution of his sentence under 28 U.S.C. § 2241 rather than the imposition of his sentence.  However, this assertion is belied by his argument that the trial court erred in calculating his criminal history under the United States Sentencing Guidelines.  *See* Motion to Reconsider, at 3-4 (and cases cited therein).

Mr. Rodriguez-Aguirre further contends that he could not have challenged the trial court's sentence computation at an earlier time because he did not obtain copies of his presentence reports from the Bureau of Prisons until April 2010.  The Court

2

addressed this argument in detail in the dismissal order, and Applicant does not raise

anything new which would warrant a different result.  Mr. Rodriguez-Aguirre asserts that

the Court is incorrect in its statement that Applicant was convicted in 1994 of running a

continuing criminal enterprise because that count was dismissed by the Government.

Motion to Reconsider, at 12 (citing Order of Dismissal, at p. 6).  The Court accepts

Applicant's factual correction, but it does not change the Court's legal analysis.  Mr.

Rodriguez-Aguirre has expressed concerns about being punished twice for the same

criminal behavior since at least 1994, but he fails to establish why he could not have

raised his claims in a § 2255 motion.  *See Prost v. Anderson*, 636 F.3d 578, 587 (10th

Cir. 2011) ("[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was itself

inadequate or ineffective to the task of providing the [applicant] with a chance to test his

sentence or conviction.").

        Upon consideration of the motion to reconsider and the entire file, the Court finds

that Mr. Rodriguez-Aguirre fails to demonstrate some reason why the Court should

reconsider and vacate the order to dismiss this action.  Accordingly, it is

        ORDERED that Document No. 9, filed on August 24, 2011, which the Court has

construed liberally as a motion seeking relief from the judgment pursuant to Fed. R. Civ.

P. 59(e), is denied.

        DATED at Denver, Colorado, this  2nd  day of   September        , 2011.

                                        BY THE COURT:

                                        ___s/Lewis T. Babcock_____
                                        LEWIS T. BABCOCK, Senior Judge
                                        United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01599-BNB

Gabriel Rodriguez-Aguirre
Reg. No. 04051-031
FCI Englewood
9595 W Quincy Ave
Littleton, CO 80123

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 2, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
                     Deputy Clerk